■ ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent, v NEW YORK FOUNDATION FOR THE HOMELESS et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Edward Greenfield, J.), entered May 28, 1992, which denied defendants' motion to, *inter alia,* vacate a prior restraining order and which granted the plaintiff's cross-motion to hold defendant Jerome Mackey in contempt, unanimously affirmed, with costs.

The mere utterance of First Amendment privileges by a purported eleemosynary organization cannot shield defendants from the scrutiny of the Attorney-General *(Ohio Civ. Rights Commn. v Dayton Schools,* 477 US 619), and the Attorney-General is clearly empowered to supervise charitable corporations (in which category defendants claim the Foundation belongs), and to enjoin them from soliciting funds improperly (EPTL 8-1.4). Defendants' persistent and willful defiance of the Supreme Court subpoena warrants the finding of contempt. Concur—Sullivan, J. P., Wallach, Ross and Rubin, JJ.

■ MAR & MYLES, INC., Respondent, v ESQUIRE MARKETING INC. et al., Defendants, and AHMED RATEB, Appellant.—Order, Supreme Court, New York County (David B. Saxe, J.) entered February 20, 1992, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant Rateb and awarded plaintiff damages of $55,944.52 plus interest, unanimously affirmed, with costs.

The IAS Court properly granted plaintiff summary judgment on defendant's guaranty of rent payments under an office lease. Defendant's vague allegations about an unidentified potential subtenant for the lease did not create a triable issue of fact, given that the prospective tenant is not even identified. Nor is there merit to defendant's claim that plaintiff wrongfully evicted the tenant in the face of plaintiff's documentary proof showing that plaintiff obtained a final judgment of possession against the corporate tenant. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.